IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLA SANDEFUR                                                                                    PLAINTIFF

vs.                                         Civil No. 4:23-cv-04097

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                DEFENDANT

**MEMORANDUM OPINION**

Carla Sandefur ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed her disability application on August 24, 2015. (Tr. 285). In this application, Plaintiff alleges being disabled due to breast cancer, high blood pressure, arthritis, sleep apnea, hypercalcemia, depression, fibromyalgia, anxiety, and kidney disease. (Tr. 307). Plaintiff alleged an onset date of March 13, 2014. (Tr. 285). This application was denied initially and again upon reconsideration. (Tr. 11).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself and not the ECF page number.

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 11). Plaintiff's administrative hearing was held on November 29, 2017. (Tr. 35-62). Following this hearing, the ALJ entered an unfavorable decision. (Tr. 11-24). The Appeals Council then denied Plaintiff's request for review. (Tr. 1-5). After the Appeals Council denied Plaintiff's request for review, Plaintiff filed her Complaint in this Court. (Tr. 2594-2595). After a voluntary motion for remand was filed by Defendant, this Court remanded the case for further development. (Tr. 2597-2598).

Following remand, Plaintiff had an administrative hearing which was held on March 16, 2020. (Tr. 2534-2562). Following this hearing, the ALJ issued an unfavorable decision on May 13, 2020. (Tr. 2461-2476). After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a Complaint in this Court, and on March 3, 2022, Plaintiff's case was reversed and remanded. (Tr. 2923).

Following this remand, Plaintiff had an administrative hearing which was held on February 23, 2023. (Tr. 2831-2851). Plaintiff was present and was represented by Nicholas Coleman at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Wallace Stanfill testified at this hearing. *Id.* Prior to this hearing, Plaintiff amended her onset date to February 1, 2014. (Tr. 2836, 3083).

On August 7, 2023, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 2805-2820). In this decision, the ALJ found Plaintiff last met the insured status of the Act on September 30, 2016. (Tr. 2808, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from the alleged onset date of March 13, 2014, through September 30, 2016. (Tr. 2808, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: status-post breast cancer with mastectomy, coronary artery disease, status-post aortic dissection, obstructive sleep

2

apnea, obesity, anxiety, and depression. (Tr. 2808, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 2808, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined her Residual Functional Capacity ("RFC"). (Tr. 2810-2818, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform sedentary work with additional postural, manipulative, mental, and social limitations. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 2818, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in signification numbers in the national economy. (Tr. 2818-2819, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) sorter with 120,000 such occupations in the nation; (2) final assembler with 175,000 such occupations in the nation; and (3) charge account clerk with 180,000 such occupations in the nation. (Tr. 2819). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 13, 2014, through September 16, 2016. (Tr. 2819, Finding 11).

After the Appeals Council declined to review the ALJ's disability determination, the Plaintiff filed the present appeal on October 10, 2023. ECF No. 1. The Parties have consented to the jurisdiction of this Court. ECF No. 4. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raised the following arguments for reversal: (1) the ALJ erred in failing to amend the alleged onset date, (2) the ALJ erred in assessing Plaintiff's subjective allegations, (3) the ALJ erred in the evaluation of Plaintiff's impairments, and (4) the ALJ erred in the evaluation of medical opinions. ECF No. 17 at 9-28. Because the Court finds the ALJ erred in failing to amend the alleged onset date, the Court will only address this argument for reversal.

When the ALJ has determined a claimant is disabled, "the decisionmaker must also establish the onset date of disability." SSR 83–20, 1983 WL 31249, at *1 (S.S.A.1983). This is because "the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits." *Id.* Accordingly, under SSR 83–20, "it is essential that the onset date be correctly established and supported by the evidence." *Id.*

Prior to this hearing, Plaintiff amended her onset date to February 1, 2014, from March 13, 2014. (Tr. 2836, 3083). This request was made by letter dated February 22, 2023, and at the

beginning of the hearing which was held on February 23, 2023. *Id.* While the ALJ acknowledged this in her opinion, she went on to reference the wrong onset date of March 13, 2014, on numerous occasions in the opinion. (Tr. 2808, 2817, 2819). These included stating the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 13, 2014, referencing a medical report finding from the alleged date of onset of March 13, 2014, and ultimately finding Plaintiff was not under a disability at any time from March 13, 2014, the alleged onset date. *Id.*

The Court disagrees with Defendant that this was simply a "inadvertent clerical error in decision writing." The ALJ referenced the wrong onset date on three occasions in her opinion and concluded her decision by finding Plaintiff was not under a disability at any time from the alleged onset date of March 13, 2014, through her last date insured. It is unclear whether the ALJ considered all the relevant evidence in determining the Plaintiff's RFC, and in particular whether she considered evidence from the relevant period of claimed disability.

Accordingly, because the ALJ erred in applying the correct onset date of disability, this case must be reversed and remanded.

**4.  Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of July 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE